IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00687-PSF-BNB

MARY JO LAIRD,

Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON,
THE BOARD OF TRUSTEES FOR THE GUNNISON COUNTY PUBLIC LIBRARY, and
PEGGY MARTIN, in her official capacity and individually,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1) **Defendants' Motion for Summary Judgment**, filed April 26, 2005;

(2) Plaintiff's **Motion for Leave to Amend the Complaint and File the Proposed Third Amended Complaint and Jury Demand**, filed October 3, 2005;

(3) Plaintiff's **Motion for Extension of Time to Respond to Motion for Judgment**, filed October 3, 2005; and

(4) **Defendants' Unopposed Motion for Extension of Time to File Reply Brief in Support of Motion for Summary Judgment**, filed October 21, 2005.

The plaintiff, proceeding *pro se*, filed her initial complaint on April 7, 2004. The defendants filed a summary judgment motion shortly thereafter. On April 13, 2005, the plaintiff was permitted to amend her complaint, and the summary judgment motion was withdrawn as moot. The defendants filed a summary judgment motion directed to the Second Amended

Complaint.[1]  The plaintiff, through counsel, now seeks leave to file a third amended complaint.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The court has broad discretion to allow amendments and is to look favorably on requests to amend.  Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 1484 (2d ed. 1990).

The proposed amendment does not appear to be the result of any bad faith or dilatory motive on the part of the plaintiff.  Nor does it appear that the amendment is futile.

As to the delay caused by successive amendments and the plaintiff's failure to cure deficiencies by amendments previously allowed, the plaintiff represented herself until one month before the current motion to amend was filed.  After conducting discovery and legal research with counsel, plaintiff promptly sought to file her third amended complaint to address deficiencies in her *pro se* pleadings.  The motion to amend was brought in a timely manner considering the circumstances of this case.

Finally, I find that the amendment will not result in undue prejudice to the defendants.  The defendants' summary judgment motion is denied without prejudice so that the defendants may file a dispositive motion which is directed to the Third Amended Complaint.

 Accordingly,

---

[1] The plaintiff erroneously entitled her first amended complaint "Second Amended Complaint."

IT IS ORDERED that the Motion for Leave to Amend the Complaint and File the Proposed Third Amended Complaint and Jury Demand is GRANTED. The Clerk of the Court is directed to accept the proposed Third Amended Complaint for filing.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. The defendants may reassert their arguments in a motion directed to the Third Amended Complaint.

IT IS FURTHER ORDERED that plaintiff's Motion for Extension of Time to Respond to Motion for Judgment and Defendants' Unopposed Motion for Extension of Time to File Reply Brief in Support of Motion for Summary Judgment are DENIED AS MOOT.

Dated November 14, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge